GIBSON, DUNN & CRUTCHER LLP
CATHERINE A. CONWAY, SBN 98366
  cconway@gibsondunn.com
KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

GIBSON, DUNN & CRUTCHER LLP
ASHLEY ALLYN, SBN 254559
  aallyn@gibsondunn.com
DUSTIN G. MAY, SBN 279509
  dmay@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendants J. C. PENNEY CORPORATION, INC. and J. C. PENNEY COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| STEPHANIE GARRIDO and JAZMIN SOLANO, as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC., a Delaware corporation; J. C. PENNEY COMPANY, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:18-cv-02051<br><br>**DEFENDANTS' J. C. PENNEY CORPORATION, INC.'S AND J. C. PENNEY COMPANY, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>[*Removal from the Superior Court of California, County of Riverside, Case No. RIC 1714926*]<br><br>Action Filed:  August 11, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS, AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1332 and 1711, Defendants J. C. Penney Corporation, Inc. and J. C. Penney Company, Inc. (collectively "Defendants") hereby remove the above-captioned state court action, originally filed as Case No. RIC 1714926 in the Superior Court for the State of California for the County of Riverside, to the United States District Court for the Central District of California, Eastern Division.  Removal is proper on the grounds explained below.

## I.  BACKGROUND

1. On August 11, 2017, named Plaintiffs Stephanie Garrido and Jazmin Solano (collectively, "Plaintiffs"), filed a complaint in the Superior Court of California, County of Riverside, styled as a Private Attorneys General Act ("PAGA") Enforcement Action. *See* Declaration of Cathy A. Conway in Support of Defendants' Notice of Removal ("Conway Decl.") ¶ 2, Ex. A ("Complaint"). Plaintiff Garrido is a former non-exempt Sales Associate who worked at the JCPenney store in Riverside, California from approximately November 2015 to November 2016. Complaint ¶ 9. Plaintiff Solano is a former non-exempt Sales Associate who worked at the JCPenney store in Downey, California from approximately November 2016 to February 2017. *Id.* ¶ 10.

2. Plaintiffs' Complaint sets forth two causes of action under PAGA (Cal. Lab. Code §§ 2698, *et seq.*) alleging violations of Wage Order No. 7-2001, § 14(A) and Wage Order No. 7-2001, § 14(B) (collectively, the "Suitable Seating Regulations"). Complaint at 13–14. Plaintiffs alleged in the Complaint that JCPenney violated Section 14(A) of the Suitable Seating Regulations because "Plaintiffs and other non-party Aggrieved Employees were not allowed to sit, even when the nature of their work would reasonably permit the use of seats, nor were they provided with suitable seats." *Id.* ¶ 43. Plaintiffs alleged that JCPenney violated Section 14(B) of the Suitable Seating Regulations because "Defendants did not provide Plaintiffs and other non-party Aggrieved Employees with seats or stools in reasonable proximity to their work to allow them to use seats when it would not interfere with the performance of their duties for times when they were not engaged in active duties that require standing." *Id.* ¶ 52.

3. In Plaintiffs' Complaint, Plaintiffs sought PAGA penalties on behalf of "non-exempt, hourly-paid sales associates, cashiers, or other employees assigned cash register duties at a retail store location in California (excluding employees that worked at JCPenney Store Nos. 0250, 1778, 2648, 2649, 2823, and/or 2937)." Complaint ¶ 2.

Plaintiffs' Complaint alleged that "[t]here is no basis for federal diversity jurisdiction in this action given that the State of California, as the real party in interest in this action, is not a 'citizen' for purposes of satisfying diversity jurisdiction." *Id.* ¶ 5 (*Urbino v. Orkin Services of Cal.*, 726 F.3d 1118, 1123 (9th Cir. 2013)). The Complaint also alleged that "civil penalties cannot be aggregated to satisfy the amount in controversy requirement for federal diversity jurisdiction in this action, and that diversity jurisdiction cannot be established when Plaintiffs' share of the civil penalties attributable to violations personally suffered are less than $75,000." *Id.* (citing *Urbino*, 726 F.3d at 1122).

4.  On August 24, 2017, Plaintiffs served Defendants with a copy of the summons and Complaint. *See* Conway Decl. ¶¶ 2–4, Exs. A–C. On September 25, 2017, JCPenney filed and served its Answer to Plaintiffs' Complaint. Conway Decl. Ex. F.

5.  On July 3, 2018, Plaintiffs filed a First Amended Complaint ("FAC") to add salon stylists to the group of allegedly aggrieved employees they sought to represent. Conway Decl. ¶ 20, Ex. S (FAC), Ex. T, Ex. EE. In Plaintiffs' FAC, styled as a PAGA Enforcement Action, Plaintiffs sought PAGA penalties on behalf of "non-exempt, hourly-paid sales associates, cashiers, or other employees assigned cash register duties, or Salon Stylists at a retail store location in California (excluding employees that worked at JCPenney Store Nos. 0250, 1778, 2648, 2649, 2823, and/or 2937)." FAC ¶ 2. As Plaintiffs did in their Complaint, Plaintiffs alleged in their FAC that "[t]here is no basis for federal diversity jurisdiction in this action given that the State of California, as the real party in interest in this action, is not a 'citizen' for purposes of satisfying diversity jurisdiction." *Id.* ¶ 5 (citing *Urbino*, 726 F.3d at 1123.). Plaintiffs also alleged that "civil penalties cannot be aggregated to satisfy the amount in controversy requirement for federal diversity jurisdiction in this action, and that diversity jurisdiction cannot be established when Plaintiffs' share of the civil

penalties attributable to violations personally suffered are less than $75,000." *Id.* (citing *Urbino*, 726 F.3d at 1122.)

6. On September 11, 2018, Plaintiffs filed a Second Amended Complaint ("SAC") styled as a "Class Action and Enforcement Under the California Labor Code Private Attorneys General Act §§ 2698 *et seq.*" Conway Decl. Ex W (SAC) at 1. For the first time in this litigation, Plaintiffs asserted class action allegations. SAC ¶¶ 2, 27–32. According to the SAC, "Plaintiffs' proposed class consists of and is defined as follows: All persons who were employed by Defendants in California as non-exempt, hourly-paid salon stylists, cashiers, sales associates, or other position assigned cashier duties at any time from August 1, 2016 in a California retail store location (excluding employees that worked at JCPenney Store Nos. 0250, 1778, 2648, 2649, 2823, and/or 2937)." SAC ¶ 29.

7. Plaintiffs served Defendants with the SAC on September 11, 2018. Conway Decl. Exs. V–W, EE. On September 20, 2018, Defendants answered Plaintiffs' SAC. Conway Decl. Ex. AA.

8. As set forth more fully below, this Court has jurisdiction over this matter and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, as the allegations in Plaintiffs' SAC identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6) (providing that claims of individual class members are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

## II. REMOVAL IS TIMELY

9. Plaintiffs' Complaint and First Amended Complaint pleaded only PAGA claims against Defendants. Consistent with applicable federal law, the allegations in Plaintiffs' Complaint and First Amended Complaint did not provide a basis for federal jurisdiction. *See Yocupicio v. PAE Group, LLC*, 795 F.3d 1057, 1060 (9th Cir. 2015) (PAGA is not a class claim for purposes of federal jurisdiction under the Class Action Fairness Act of 2005); *id.* 1060 n.7 ("[T]he fact that Yocupicio did not seek class status

for that [PAGA] claim is 'fatal to CAFA jurisdiction' over it") (quoting *Haw ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1040 (9th Cir. 2014)); *Urbino*, 726 F.3d at 1122 (PAGA penalties cannot be aggregated to meet the $75,000 amount in controversy requirement for diversity jurisdiction); *see also* Complaint ¶ 5 (alleging Plaintiffs' individual shares of PAGA penalties is less than $75,000); FAC ¶ 5 (same).

10. On September 11, 2018, Plaintiffs served their Second Amended Complaint that asserted, for the first time in this case, class claims against Defendants that include their PAGA claims, and allegations supporting this Court having subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). SAC ¶¶ 2, 27–32; Conway Decl. Exs. V–W, EE. This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(3) because it is filed within 30 days after service of "an amended pleading . . . from which it [was] first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Diaz v. A&R Logistics, Inc.*, No. 15cv0520 DMS (RBB), 2015 WL 3464450, at *4 (S.D. Cal. May 29, 2015) ("What matters under CAFA is that Plaintiff has proposed a class which includes his PAGA claims. Having so alleged, the PAGA claims are claims of the proposed class members, and, as such, they are aggregated to determine the amount in controversy.").

### III. SUMMARY OF PLAINTIFFS' ALLEGATIONS AND GROUNDS FOR REMOVAL

11. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to CAFA.

12. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action

to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* SAC ¶¶ 2, 27–32.

13. Plaintiffs allege in the SAC that, *inter alia*, "this is a class action brought pursuant to California Code of Civil Procedure section 382 and enforcement action under the Labor Code Private Attorneys General Act of 2004 California Labor Code section 2698 *et seq.* [] to recover civil penalties" and "Plaintiffs' proposed class consists of and is defined as follows:  All persons who were employed by Defendants in California as  non-exempt, hourly-paid salon stylists, cashiers, sales associates, or other position assigned cashier duties at any time from August 1, 2016 in a California retail store location (excluding employees that worked at JCPenney Store Nos. 0250, 1778, 2648, 2649, 2823, and/or 2937)." SAC ¶¶ 2, 29.

14. Plaintiffs allege, on behalf of themselves and all putative class members, three causes of action:  (1) violation of California Labor Code § 1198, Wage Order No. 7-2001, Section 14(A); (2) violation of California Labor Code § 1198, Wage Order No. 7-2001 Section 14(B), and (3) violation of California Business & Professions Code §§ 17200.  SAC ¶¶ 45–65.  Plaintiffs also assert, on behalf of themselves, the State of California, and the allegedly aggrieved employees, two causes of action under PAGA:  (1) violation of California Labor Code § 1198, Wage Order No. 7-2001, Section 14(A); and (2) violation of California Labor Code § 1198, Wage Order No. 7-2001 Section 14(B).  SAC ¶¶ 66–82.

15. Plaintiffs' seek "civil penalties, restitution, and attorneys' fees in excess of five million ($5,000,000) to the State of California and aggrieved employees." SAC ¶ 83.

16. Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

17. Defendants deny any liability as to Plaintiffs' individual claims and as to the claims of the putative class members and allegedly aggrieved employees Plaintiffs purport to represent. Defendants expressly reserve all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, Defendants submit on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the SAC identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs.[1] *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

### A. The Putative Class Consists of More Than 100 Members

18. Plaintiffs' putative class encompasses "[a]ll persons who were employed by Defendants in California as non-exempt, hourly-paid salon stylists, cashiers, sales associates, or other position assigned cashier duties at any time from August 1, 2016 in a California retail store location (excluding employees that worked at JCPenney Store Nos. 0250, 1778, 2648, 2649, 2823, and/or 2937)." SAC ¶ 29. Plaintiffs further allege that "[t]he membership of the entire class is estimated to be greater than one thousand (1,000) individuals . . . ." *Id.* ¶ 32(a). Accordingly, while Defendants deny that class treatment is permissible or appropriate, based on the Complaint's allegations, the proposed class plainly consists of more than 100 members.

### B. The Amount Placed in Controversy Exceeds $5 Million.

19. Although Defendants deny that Plaintiffs' claims have any merit and disputes that Plaintiffs are entitled to any of the sums sought in the Complaint,

---

[1] The Notice of Removal "need not contain evidentiary submissions," and Defendants reserve their right to submit additional evidentiary support in the event that Plaintiffs move for remand. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

Defendants aver, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiffs' requested monetary recovery exceeds $5 million.

20. Plaintiffs allege in their SAC that "the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000) exclusive of interests and costs." SAC ¶ 3; *see also* SAC ¶ 83 (seeking "civil penalties, restitution, and attorneys' fees in excess of five million dollars ($5,000,000) to the State of California and aggrieved employees"). As such, Plaintiffs' allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint.").

21. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions.") (quoting *Dart Cherokee*, 135 S. Ct. at 554); *Lewis*, 627 F.3d at 401 ("[O]nce the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed $5 million . . . *then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much*.") (emphasis added) (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

### C. Minimal Diversity Exists Because Plaintiffs Are Citizens of a Different State than Defendants

22. The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

23. Plaintiffs allege that "any one plaintiff is a citizen of a state different from that of any defendant." SAC ¶ 3.

24. Both Plaintiffs are domiciled in California. *See* Conway Decl. Ex. CC at 9:17–23; Ex. DD at 12:16–13:3. In addition, Plaintiffs seek to represent a class of

"[a]ll persons who were employed by Defendants in California as non-exempt, hourly-paid salon stylists, cashiers, sales associates, or other position assigned cashier duties at any time from August 1, 2016 in a California retail store location (excluding employees that worked at JCPenney Store Nos. 0250, 1778, 2648, 2649, 2823, and/or 2937)." SAC ¶ 29.  Because the putative class purports to encompass anyone who worked in California, common sense dictates that the putative class includes people who are citizens of California.  Accordingly, Defendants aver, for the purposes of removal only, that the putative class includes individuals who are citizens of California.

25. Plaintiffs also allege that "Defendants are citizens of Delaware and have their principal place of business in Texas."  SAC ¶ 5; *see also id.* ¶¶ 18–19 ("JCPenney is a Delaware corporation . . . and maintains their corporate headquarters in Plano, Texas."); Conway Decl. Ex. BB (J. C. Penney Company, Inc. Form 10-Q, dated September 5, 2018) at 1, 5 (stating J. C. Penney Company, Inc. is incorporated in Delaware with principal executive offices in Plano, Texas and that J. C. Penney Corporation is incorporated in Delaware).

26. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017).  Based on Plaintiffs' allegations and the foregoing facts, Defendants in good faith allege that Plaintiffs and/or at least one "member" of Plaintiffs' alleged class that "is a citizen of a State different from any defendant." 28 U.S.C. 1332(d)(2)(A).

27. Because Defendants have met their "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## IV.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

28.   Based on the foregoing facts and allegations, this Court has original jurisdiction over this action because:

(a)   this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

(b)   this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

(c)   the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

(d)   Plaintiff Stephanie Garrido, Plaintiff Jazmin Solano, and/or a member of the putative class is a citizen of a state different from Defendants as required by § 1332(d)(2)(A).

29.   Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

30.   The United States District Court for the Central District of California, Eastern Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a) because it embraces the place where Plaintiffs originally filed the case, in the Superior Court of Riverside County.  *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

31.   In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders from *Garrido et. al v. J. C. Penney Corporation, Inc.*, Case No. RIC 1714926, Superior Court of California, County of Riverside are attached as Exhibits A–AA to the Declaration of Cathy A. Conway filed concurrently herewith. Conway Decl. ¶ 33, Ex. A–AA.

32.   Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of Riverside County, pursuant to 28 U.S.C. § 1446(d).

1    WHEREFORE, Defendants hereby remove to the Court the above action
2 pending against it in the Superior Court of California, Riverside County.
3 Dated: September 24, 2018

CATHERINE A. CONWAY
KATHERINE V.A. SMITH
ASHLEY ALLYN
DUSTIN G. MAY
GIBSON, DUNN & CRUTCHER LLP


By: /s/ Catherine A. Conway
         Catherine A. Conway

Attorneys for Defendants J. C. PENNEY CORPORATION, INC. and J. C. PENNEY COMPANY, INC.

102969409.1

Gibson, Dunn & Crutcher LLP

10
DEFENDANTS' NOTICE OF REMOVAL